H. Dean SUMMERS et al., Plaintiffs,

v.

Pete T. CENARUSSA, Secretary of State of the State of Idaho, et al., Defendants.

Civ. No. 1-71-53.

United States District Court, D. Idaho.

Jan. 5, 1972.

---

Dale G. Higer, Eberle, Berlin, Kading, Turnbow & Gillespie, Boise, Idaho, for plaintiffs.

W. Anthony Park, Atty. Gen., Clarence Suiter, Asst. Atty. Gen., James E. Risch, Pros. Atty., Boise, Idaho, for defendants.

## MEMORANDUM OF OPINION AND ORDER

Before KOELSCH, Circuit Judge, and McNICHOLS and TAYLOR, District Judges.

### PER CURIAM.

The plaintiffs instituted this action on their own behalf and on behalf of all citizens, taxpayers and qualified voters of the State of Idaho against the defendants in their respective official capacities for a declaration of the validity of the statutes of the State of Idaho which apportion the Senators and Representatives of the Legislature for the State of Idaho.

The court has jurisdiction under and pursuant to the Civil Rights Act, Title 42, U.S.C. §§ 1983, 1988, and Title 28, U.S.C. § 1343(3). A three-judge court was convened to hear the matter pursuant to Title 28 U.S.C. § 2281 et seq.

The cause came on for hearing before the court on November 19, 1971 on the plaintiffs' motion for partial summary judgment and Order of Reapportionment, and defendants' motion for partial summary judgment, the parties appearing and being represented by their respective counsel of record. There being no genuine issue as to a material fact as to plaintiffs' First Cause of Action, the court heard the arguments of counsel and the matter was submitted upon the arguments, briefs and affidavits submitted by counsel. The court took judicial notice of the facts relating to the population and geography of the State of Idaho.

The First Extraordinary Session of the Forty-First Legislature enacted an Act apportioning the Legislature which became and is now Section 67–202, Idaho Code, which statute repealed the predecessor statute 67–202, Idaho Code. The present Section 67–202, Idaho Code divides the State of Idaho into 35 legislative districts and provides that one senator and two representatives shall be elected from each district, based upon the 1970 census. The districts range from 18,207 to 22,162 persons per legislator, or from 10.62 percent over-represented to 8.79 percent under-represented, for a total variance of 19.41 percent with a ratio between the largest and smallest districts of 1.22 to 1.

The record indicates that the Legislature made a conscientious and good faith effort to create districts of equal population as near as practicable, even though there are deviations from equality between districts. In creating the districts, the Legislature took into consideration anticipated increases in population, the exclusion of non-resident college students, which were included in the 1970 census, and, insofar as practical, existing county, natural and historical boundary lines so as to create districts with similar economical and community interests and to provide the most effective representation possible to the citizens of Idaho in the Legislature.

In creating the districts, it clearly appears that the Legislature intended to establish districts of contiguous territory, but apparently included as a part

of District No. 7 the precincts of Hatwai, North Lewiston and Rimrock which admittedly are not contiguous with the remainder of that District. Although we do not consider this error sufficient to invalidate the statute, we do believe that it should be corrected.

Under the provisions of Section 67–202, Idaho Code, the counties of Ada, Bannock, Bingham, Bonneville, Idaho, Kootenai, Latah, Lincoln, Minidoka and Nez Perce have been divided so as to create 14 legislative districts. It is our opinion that in order for the Legislature to enact a practical reapportionment plan so as to comply with the requirements of the United States Constitution, it could not and was not required to comply with the Idaho Constitutional prohibition against dividing counties.

Although the Legislature may have had the opportunity to adopt other proposed legislation as a reapportionment plan, it appears that the one it did adopt was the most reasonable and practical in carrying out the one man, one vote concept as required by the decisions of the Supreme Court of the United States. We cannot and do not agree with plaintiffs that the plan submitted by them to this court would grant to the citizens of the State of Idaho more equal protection of the laws.

We conclude that the plan adopted by the First Extraordinary Session of the Forty-First Legislature of the State of Idaho as Section 67–202, Idaho Code, does not violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution because of the variations in population between districts, since under the circumstances, which had to be taken into account in effectuating a fair and practical plan, these variations were unavoidable.

Accordingly, it is ordered that plaintiffs' motion for a partial summary judgment and order be, and the same hereby is, denied; that defendants' motion for a partial summary judgment be, and the same hereby is, granted.