No. 71–1190. Summers et al. v. Cenarrusa, Secretary of State of Idaho, et al. Appeal from D. C. Idaho. Judgment vacated and case remanded for further consideration in light of Mahan v. Howell, 410 U. S. 315 (1973); Gaffney v. Cummings, 412 U. S. 735 (1973); and White v. Regester, 412 U. S. 755 (1973).

Mr. Justice White, with whom The Chief Justice joins, dissenting.

This case should be affirmed. The jurisdictional statement fails to identify any substantial factual or legal error committed by the District Court and does not warrant a remand for further consideration in the light of recently decided reapportionment cases.

Appellants complain of a maximum total deviation of 19.41% from the ideal population figure, resulting from one district's allegedly being 10.62% overrepresented and

another 8.79% underrepresented (appellants assert the deviations actually were 10.57% overrepresentation and 8.88% underrepresentation, with a total variation of 19.45%). The jurisdictional statement asserts that the 10.62% overrepresentation exists in District No. 22 and that it was sought to be justified by the State on the grounds that the population of Mountain Home Air Force Base, located in the District, had increased by 2,000 since the 1970 census, that an irrigation project would cause further population growth in the District, and that detaching certain areas from a particular county was undesirable.

The appellants assert, in conclusory manner, that "the population growth at Mountain Home Air Force Base is disputed" and that "the anticipated growth in population was not predicted with a high degree of accuracy." The District Court, however, accepted the justification, specifically referring to increases in population as being among the justifications offered for various population deviations. 342 F. Supp. 288, 289 (Idaho 1972). In any event, I find no basis in the jurisdictional statement for our disagreeing with the District Court or with the legislature. If there had been a 2,000 increase in population since 1970 the legislature was quite right in taking it into account, and the alleged deviation disappears. Also, if population increases were correctly anticipated, they need not have been ignored.

The alleged underrepresentation is claimed to exist in District No. 28 because of improper exclusion from the population count of "out-of-state and foreign students" attending a private college within the District. Appellants complain that there should have been more effort to determine whether each individual student so excluded had in fact satisfied the residence requirements for voting. The District Court noted and accepted the

justifying factor of the "exclusion of non-resident college students, which were included in the 1970 census." *Id.*, at 289. There is no basis for upsetting the legislative estimate as to how many students at this particular college should be treated as nonresident, nonvoting persons making up part of the 1970 census count. Thus, again, appellants fail to present a sound reason for overturning the judgment of the District Court.

The jurisdictional statement does not specify the extent of the deviation in any other specific district. It is said that "11 legislative districts are underrepresented by 3 percent or more" and that "7 legislative districts are overrepresented by 3 percent or more." But the extent of the deviation in any district is not presented; there is no indication that the deviation in any particular district would exceed those that are permissible without further justification. *Gaffney* v. *Cummings,* 412 U. S. 735 (1973), and *White* v. *Regester,* 412 U. S. 755 (1973).

Finally, appellants assert that Custer County should have been included in District No. 9 rather than in District No. 20 and that it is no excuse that a wilderness area separated Custer County from the main population centers of District No. 9. Again, however, appellants give no indication of whether or to what extent either District No. 9 or District No. 20 varied in population from the ideal district.

Insofar as can be ascertained from the jurisdictional statement, therefore, it appears that maintaining county or other local subdivision lines had very little to do with any of the population deviations in specific districts that are challenged by appellants. Appellants have not presented a case that warrants a remand in light of *Mahan* v. *Howell,* 410 U. S. 315 (1973), *Gaffney,* or *White.*