**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Hyman C. SLEPICOFF, d/b/a Graduate Enterprises, Defendant-Appellant.**

**No. 75–1404.**

United States Court of Appeals, Fifth Circuit.

Dec. 19, 1975.

Rehearing and Rehearing En Banc Denied Jan. 29, 1976.

Robert Sarno, Los Angeles, Cal., Samuel Rosenwein, Studio City, Cal., for defendant-appellant.

John L. Briggs, U.S. Atty., Jacksonville, Fla., John L. Murphy, Chief, Govt. Regulations Section, Robert Trout, B. Franklin Taylor, Jr., Harold Damelin, Crim. Div., Washington, D.C., for plaintiff-appellee.

Before TUTTLE, THORNBERRY and COLEMAN, Circuit Judges.

THORNBERRY, Circuit Judge:

█ It has long been established that obscenity is not within the ambit of the constitutional guarantees of freedom of speech and of the press. *Roth v. United States,* 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957); *Jacobellis v. State of Ohio,* 378 U.S. 184, 84 S.Ct. 1676, 12 L.Ed.2d 793 (1964).

After a jury trial, appellant was convicted on three counts of a nine count indictment charging violations of the federal statute prohibiting mailing of obscene material, 18 U.S.C. § 1461.[1] Ap-

---

1. "Mailing obscene or crime-inciting matter."

"Every obscene, lewd, lascivious, indecent, filthy or vile article, matter, thing, device, or substance;"

"Is declared to be nonmailable matter and shall not be conveyed in the mails or delivered from any post office or by any letter carrier.

Whoever knowingly uses the mails for the mailing, carriage in the mails, or delivery of

pellant is charged with mailing obscene advertising brochures into the Middle District of Florida.

Five points of error are raised in this appeal, none of which warrants reversal of the district court's decision.

## I.

Appellant's allegedly criminal conduct occurred during April and May of 1973. At this time, the constitutional standards for the regulation of obscenity were those set forth by the Supreme Court in *Roth v. United States, supra,* and *Memoirs v. Massachusetts,* 383 U.S. 413, 86 S.Ct. 975, 16 L.Ed.2d 1 (1966). The standards which are currently applicable were established by the Supreme Court in *Miller v. California,* 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973). The decision in *Miller* was not handed down until June 21, 1973, subsequent to the conduct which is involved in this case.

Appellant contends that since the acts in question occurred before the Supreme Court's decision in *Miller,* it was improper for the prosecutor to instruct the grand jury to measure the obscenity of the material in question by the standards enunciated in *Miller,* and that the indictment was void under the rationale of *United States v. Wasserman,* 504 F.2d 1012 (5 Cir. 1974). In *Wasserman,* the conviction by the district court under 18 U.S.C. § 1461 was reversed because the jury was instructed according to *Miller,* while the acts forming the basis of the suit took place when the older *Roth-Memoirs* definition of obscenity prevailed. The court in *Wasserman* held that the ex post facto effect of applying *Miller* to actions occurring before the decision was handed down justified reversal of the district court's decision. Appellant believes that the case at hand

presents an analogous situation. We disagree.

The rules governing the operation of a grand jury are much less formal than the rules governing the operation of a trial court. A grand jury need not be convinced beyond a reasonable doubt that a defendant is guilty; if an indictment is valid on its face, it is enough to call for a trial of the charge on the merits. *Costello v. United States,* 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956). In *Hamling v. United States,* 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974), the Supreme Court stated that "[i]t is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished.'" *Supra,* 94 S.Ct. at 2907. The Supreme Court in *Hamling* went on to conclude that the various component parts of the constitutional definition of obscenity need not be alleged in the indictment in order to establish its sufficiency. *Supra,* at 2908. Therefore, the mere tracing of the words of 18 U.S.C. § 1461 in the indictment was sufficient to apprise appellant of the charges against him.

## II.

Appellant's second contention is that the prosecution failed to prove beyond a reasonable doubt that the brochures in question were utterly without redeeming social value. It is true that the majority of the expert testimony presented was favorable to appellant, and that the testimony of government witness Michael Gutman was somewhat inconsistent; however, "[e]xpert testimo-

anything declared by this section to be nonmailable, or knowingly causes to be delivered by mail according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, or knowingly takes any such thing from the mails for the purpose of circulating or disposing

thereof, or of aiding in the circulation or disposition thereof, shall be fined not more than $5,000 or imprisoned not more than five years, or both, for the first such offense, and shall be fined not more than $10,000 or imprisoned not more than ten years, or both, for each such offense thereafter."

ny is not necessary to enable the jury to judge the obscenity of material which, as here, has been placed into evidence." *Hamling v. United States*, 94 S.Ct. at 2899. Since the allegedly obscene material was offered in evidence, the jury was entitled to reject all of the expert testimony offered by appellant and to conclude that the brochure in question was obscene.

### III.

In essence, appellant's third argument is that the instruction by the trial judge to the jury that the brochures could be measured solely by their appeal to the prurient interest of sexually deviant groups, where neither the indictment nor the proof established any plan or dissemination of the brochures to such deviant groups, deprived appellant of due process of law because it did not sufficiently apprise him ·of the nature of the charges against him.

After reviewing the district court's instructions, we are of the opinion that appellant was adequately apprised of the nature of the offense with which he was charged. "Undoubtedly, the language of the statute may be used in the general description of an offense, but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." *Hamling v. United States, supra,* 94 S.Ct. at 2907, *citing United States v. Hess*, 124 U.S. 483, 487, 8 S.Ct. 571, 573, 31 L.Ed. 516 (1888). The indictment in question traced the language of 18 U.S.C. § 1461, and also set forth the specific acts which allegedly constituted violations of this statute.

### IV.

Appellant's fourth contention is that the rulings and instructions of the district court arbitrarily deprived him of the right to present exculpatory evidence.

First, appellant introduced evidence that the brochures were only distributed to consenting adults and that a good faith effort was made to comply with 39 U.S.C. §§ 3010 and 3011.[2] Such evidence was not relevant to a charge under § 1461. Appellant was charged with mailing "obscene" material, not "sexually oriented" material. In fact, § 3011 expressly states that § 3010 does not amend, preempt, limit, or modify § 1461 in any way. 39 U.S.C. § 3011. Therefore, the district court's exclusion of this evidence was proper.

Nor is appellant's contention that such evidence is relevant to intent plausible.[3] According to the Supreme Court's opinion in *Hamling*, "[i]t is constitutionally sufficient that the prosecution show that a defendant had knowledge of the contents of the materials he distributes, and that he knew the character and nature of the materials. To require proof of a defendant's knowledge of the legal status of the materials would permit the defendant to avoid prosecution by simply claiming that he had not brushed up on the law." *Supra,* 94 S.Ct. at 2910.

The evidence submitted by the prosecution which tended to show that appellant knew the contents and character of the materials in question was sufficient to satisfy the scienter requirement of § 1461.

Appellant also argues that the district court erred when it declined

---

**2.** These sections of Title 39 deal with the distribution of "sexually oriented" advertisements to children and nonconsenting adults.

**3.** In essence, appellant argues that since he made a good faith effort to comply with the provisions of 39 U.S.C. § 3010, the prosecution failed to make a sufficient showing of criminal

intent. In *Hamling v. United States, supra,* 94 S.Ct. at 2910, 2911, the Supreme Court held that a showing by the prosecution that the defendant had knowledge of the contents and character of the allegedly obscene materials was sufficient to satisfy the scienter requirement of 18 U.S.C. § 1461.

to instruct the jury that during the period of time in which the appellant was charged with mailing the brochures into the Middle District of Florida, a federal court declared the Florida obscenity statute unconstitutional. Appellant feels that it was relevant to a determination of whether the material in question was patently offensive according to contemporary community standards. A similar question was raised in *United States v. Hill,* 500 F.2d 733, 739 (5 Cir. 1974), where we held that "[t]he community standard is not necessarily gauged by the state law, and the fact that a three-judge federal court in *Meyer v. Austin,* 319 F.Supp. 457 (M.D.Fla.1970), app. dismissed, 413 U.S. 902, 93 S.Ct. 3029, 37 L.Ed.2d 1018 (1973), declared Florida Statutes § 847.011 (1967) unconstitutional was not relevant to this federal obscenity prosecution." We feel that the argument made by appellant in the case at hand is essentially the same, and that it was proper for the district court to refuse to instruct the jury that the Florida obscenity statute had been declared unconstitutional.

Likewise, the district court's instruction to the jury that they could disregard the testimony of the expert witnesses was proper.[4] *Hamling v. United States, supra,* 94 S.Ct. at 2899.

### V.

Appellant's final contention is that 18 U.S.C. § 1461 is unconstitutional on its face and as applied to appellant.

The constitutionality of § 1461 has been upheld by the Supreme Court on several occasions. *Roth v. United States,* 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957); *United States v. Reidel,* 402 U.S. 351, 91 S.Ct. 1410, 28 L.Ed.2d 813 (1971).

Appellant also feels that § 1461 is unconstitutional as applied because the multivenue provisions contained in 18 U.S.C. § 3237 allow forum shopping and selective enforcement by federal prosecutors. According to *Hamling v. United States, supra, Miller* standards, including the "contemporary community standards" formulation, apply to federal legislation. *Supra,* 94 S.Ct. at 2902, *citing United States v. 12 200-Ft. Reels of Film,* 413 U.S. 123, 93 S.Ct. 2665, 37 L.Ed.2d 500 (1973). In view of the contemporary community standards requirement of *Miller* it is logical to try a defendant who is charged with a violation of § 1461 in the district to which he allegedly mailed obscene materials. Appellant's choice to do business throughout the nation limited his right to be tried in the locality where he lives and bases his operations.

The judgment of the United States District Court for the Middle District of Florida is affirmed.

Affirmed.

---

**4.** "Expert testimony is not necessary to enable the jury to judge the obscenity of material which, as here, has been placed into evidence." *Hamling v. United States, supra,* 94 S.Ct. at 2899.