880

**UNITED STATES of America**

v.

**Zvonko BUSIC, Julienne Busic, Petar Matanic, Frank Pesut, Defendants.**

No. 76–CR–602.

United States District Court,
E. D. New York.

March 22, 1977.

David G. Trager, U. S. Atty., Eastern District of New York, Brooklyn, N. Y., for United States; Edward R. Korman, Chief Asst. U. S. Atty., Peter R. Schlam, Barry E. Schulman, Asst. U. S. Attys., Brooklyn, N. Y., of counsel.

Michael E. Tigar, Washington, D. C., for defendant Zvonko Busic; Martin Ozer, New York City, of counsel.

Michael Ira Asen, New York City, for defendant Julienne Busic.

Martin Elefant, Brooklyn, N. Y., Paul B. Bergman, New York City, for defendant Petar Matanic.

Irwin Rochman, New York City, for defendant Frane Pesut.

*MEMORANDUM–DECISION and ORDER*

BARTELS, District Judge.

The defendants have moved to dismiss the indictment on the ground that the Grand Jury was not properly instructed with respect to the offense of air piracy from the commission of which a death resulted (49 U.S.C. § 1472(i)), and that therefore Count 1 of the indictment should be dismissed or, in the alternative, that the Court examine the Grand Jury minutes at least to ascertain whether the prosecutor's charge was fair.

The motion is denied on the authority of *United States v. Linetsky,* 533 F.2d 192 (5th Cir. 1976), and *United States v. Slepicoff,* 524 F.2d 1244 (5th Cir.), *cert. denied,* 425 U.S. 998, 96 S.Ct. 2215, 48 L.Ed.2d 824 (1976), two obscenity cases where a claim was made that the Grand Jury had been instructed under the old, invalid standards of *Roth v. United States,* 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957), and *Memoirs v. Massachusetts,* 383 U.S. 413, 86 S.Ct. 975, 16 L.Ed.2d 1 (1966), instead of under the newer standard of *Miller v. California,* 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973). In *Slepicoff* and *Linetsky* the United States Court of Appeals for the Fifth Circuit rejected the contention that the indictments were invalid because of assertedly improper instructions to the Grand Jury.

The motions with respect to the claim that Count 1 should be dismissed, because the Grand Jury was not properly instructed, are denied on the authority of *Slepicoff* and *Linetsky.* Therefore it is not necessary for the Court to examine the Grand Jury minutes under the circumstances.

SO ORDERED.