**UNITED STATES of America, Plaintiff,**

v.

**Thomas WELCH & David Johnson, Defendants.**

**No. 00–CR–324 S.**

United States District Court, D. Utah, Central Division.

July 5, 2001.

Richard N. Wiedis, United States Department of Justice, Fraud Section, Salt Lake City, UT, John W. Scott, United States Department of Justice, Public Integrity Section, Washington, DC, for United States of America.

William W. Taylor, III, Zuckerman Spaeder Goldstein Taylor & Kolker, Washington, DC, Michael Goldsmith, Park City, UT, for Thomas Welch.

Max D. Wheeler, Robert J. Shelby, Camille Johnson, Snow Christensen & Martineau, Salt Lake City, UT, for David R. Johnson.

## MEMORANDUM AND ORDER

BOYCE, United States Magistrate Judge.

The defendants, Thomas K. Welch and David R. Johnson, are charged with conspiracy (18 USC § 371), multiple counts of mail and wire fraud (18 USC §§ 1341, 1342, 1346) and Travel Act (18 USC § 1952) charges arising from the 2002 Salt Lake City Winter Olympic bid. They have made a motion for disclosure of the legal instructions given to the grand jury that returned the indictment in this case, or in the alternative, for *in camera* review, by the court, of the instructions given to the grand jury. The motion itself (see DUCrimRule 12–1(a), setting the motion requirements in a criminal case) merely recites, "The defendants have a substantial interest and particularized need for disclosure of the legal instructions ... to determine whether the grand jury was instructed accurately ...". The defendants contend their interest in having access to the instructions outweighs any secrecy interest.

No factual material or affidavit has been submitted that defines the particularized need for such a request (File Entry # 38).

The defendants further contend (*Id.*) that in their various motions to dismiss the indictment they have raised a number of issues for challenge to the indictment which bear on the motion for access to the grand jury instructions. The court has now ruled on those motions and found no basis for the defendants' motions to dismiss the indictment. The court has found nothing that suggests any deficiency in the indictment itself or that there was any impropriety that would cast doubt on the regularity of the grand jury process.

Defendants contend the indictment is deficient in not adequately setting forth the elements of mail fraud and wire fraud as well as the alleged violations of the Travel Act. The court has previously rejected those arguments. This undercuts defendants' contention as to any deficiency on the face of the indictment.

■ The motion for production of the grand jury instructions is governed by Rule 6(e)(2) F.R.Cr.P. which prohibits disclosure of "matters occurring before the grand jury, except as otherwise provided ..." Prosecutors instruct grand jurors on the law that governs the investigation and which focuses the grand jury's attention on a possible indictment. The instructions need not be as comprehensive as the instructions the trial judge would give.[1] *United States v. Slepicoff,* 524 F.2d 1244, 1247 (5th Cir.1975); *United States v. Twersky,* 1994 WL 319367 p. 4 (S.D.N.Y.1994). The instructions to the grand jury are intimately associated with the deliberation and judgement aspects of the grand jury function. Therefore, the instructions are matters occurring before the grand jury and require meeting standards for release of grand jury information. "... [P]rotection extends beyond testimony to encompass all substantive aspects of the proceedings." Wayne R. LaFave, Jerald H.

---

1. Usually, reading the statutory language is sufficient. *United States v. Warren,* 16 F.3d 247, 252–53 (8th Cir.1994); see *Slepicoff,* infra.

In *United States v. Zangger,* 848 F.2d 923, 925 (8th Cir.1988) the court said a "prosecutor is under no obligation to give the grand jury legal instructions."; Accord: *United States v. Larrazolo,* 869 F.2d 1354, 1359 (9th Cir.1989); *United States v. Finn,* 919 F.Supp. 1305 (D.Minn.1995).

Israel and Nancy J. King, *Criminal Procedure*, 2nd Ed. § 8.5(C) p. 67 (1999). See *In re Motions of Dow Jones & Co.*, 142 F.3d 496 (D.C.Cir.1998); *In re Grand Jury Subpoena*, 920 F.2d 235, 241 (4th Cir.1990) ("Substantive content of matters occurring before the grand jury 'within the secrecy rule' can be anything that may reveal what has transpired before the grand jury. It is not information itself, but the fact that the grand jury was considering information that is protected from disclosure."); *Anaya v. United States*, 815 F.2d 1373 (10th Cir.1987) (procedure sheet not protected). Therefore, the instructions would be matter that would disclose grand jury considerations, and possibly identity of persons, and therefore, are protected by Rule 6(e), F.R.Cr.P. The standards otherwise applicable for disclosure of grand jury matter under such circumstances must be met. *United States v. Barry*, 71 F.3d 1269, 1274 (7th Cir.1995) (In order to obtain instructions given to the grand jury the "defendant must show particularized need".).

■ It is well established federal law that disclosure of matters occurring before the grand jury requires a showing of particularized need before a person may have access to such materials. *Dennis v. United States*, 384 U.S. 855, 879, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966); *Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 400, 79 S.Ct. 1237, 3 L.Ed.2d 1323 (1959); *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979); *In re Lynde*, 922 F.2d 1448 (10th Cir.1991). The particularized need has been expressed as requiring a "compelling necessity." *In re Grand Jury, 95–1*, 118 F.3d 1433 (10th Cir. 1997); *In re Special Grand Jury, 89–2*, 143 F.3d 565 (10th Cir.1998); *United States v. Rockwell International Corp.*, 173 F.3d 757 (10th Cir.1999) (The need must be particularized, not general). The standard is a "demanding" standard, *Douglas Oil Co., supra,* or a "stringent" one. *In re Grand Jury, 95–1, supra.* A general claim that inspection would be of benefit is not enough to breach grand jury secrecy. *United States v. Rising*, 867 F.2d 1255 (10th Cir.1989). Anything less than a strong showing of need is inadequate.

*United States v. Warren*, 747 F.2d 1339 (10th Cir.1984).

■ The examination for the presence of the particularized need must be undertaken first and then, if shown, it will be evaluated against the need for continued secrecy, *In re Special Grand Jury 89–2*, at p. 571; *United States v. Rockwell International Corp., supra;* relevance alone will not suffice, *In re Eyecare Physicians of America*, 100 F.3d 514, 518 (7th Cir.1996) cited in *United States v. Mazun*, 176 F.3d 490 (10th Cir.1999) 1999 WL 228263 (unpublished) p. 1; see also *Rockwell International Corp., supra.*

■ The materials must be needed to avoid possible injustice, the need for disclosure must outweigh secrecy, and the request must be structured to cover only the needed material. *Douglas Oil Co., supra* at p. 222, 99 S.Ct. 1667. The standard of particularized need applies to a motion for production of grand jury instructions. *Barry, supra* (showing inadequate for examination of grand jury instructions); *United States v. Mariani*, 7 F.Supp.2d 556, 566–68 (M.D.Pa. 1998) (inadequate showing of particularized need, cases collected 7 F.Supp.2d at p. 568); *United States v. Winchester*, 407 F.Supp. 261, 277 (D.Del.1975) (denied because claim based on mere conjecture); *United States v. Abrams*, 539 F.Supp. 378, 388 (S.D.N.Y.1982) (production denied). There is presumption of regularity that attaches to grand jury proceedings. *Hamling v. United States*, 418 U.S. 87, 129 n. 23, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974); *Costello v. United States*, 350 U.S. 359, 363, 76 S.Ct. 406, 100 L.Ed. 397 (1956); *United States v. Torres*, 901 F.2d 205, 232–33 (2nd Cir.1990); *Mariani, supra,* 7 F.Supp.2d p. 566. Nothing in this situation undermines the presumption.

In *United States v. Buchanan*, 787 F.2d 477, 487 (10th Cir.1986), a challenge was made to a prosecutor's instruction of law to the grand jury. The court observed:

We find no substance to the claim of error. Such an attempt to prevent trial by attacking alleged legal errors in the grand jury proceedings is generally rejected. An indictment returned by a legally constituted and unbiased grand jury, if valid on its

face, is enough to call for trial of the charge on the merits. *Costello v. United States,* 350 U.S. 359, 363, 76 S.Ct. 406, 408, 100 L.Ed. 397 (1956); *United States v. Addington,* 471 F.2d 560, 568 (10th Cir. 1973). The remedy of dismissal of indictment is an extraordinary one applied to insure proper standards of conduct by the prosecution. An indictment may be dismissed for prosecutorial misconduct so flagrant that there is some significant infringement on the grand jury's ability to exercise independent judgment. *United States v. Pino,* 708 F.2d 523, 530 (10th Cir.1983). Challenges going only to the instructions given to the grand jury as to the elements of the offenses are not grounds for dismissal of an indictment that is valid on its face. *United States v. Addington,* 471 F.2d at 568. We likewise feel that the complaints made here would not justify dismissal of an indictment. Accordingly the claim of error is rejected.

■ In this case, defendants' motion is speculative, general and does not show particularized need. If inspection of grand jury instructions were granted in this case they would be subject to production on a mere desire framed as a claim that the indictment is complex or being challenged. That is insufficient. The indictment here is valid on its face. Given the standard of particularized need the motion for production of grand jury instructions must be denied. Given the *Buchanan* ruling in the Tenth Circuit, the request lacks substantive purpose.

■ Defendants have requested an *in camera* review by the court in the alternative. Some courts have recognized *in camera* review may be proper under special circumstances. *United States v. D'Alessio,* 822 F.Supp. 1134 (D.N.J.1993) (indictment predicated on an erroneous assumption of state law); see discussion Susan W. Brenner and Gregory G. Lockhart, Federal Grand Jury § 7.1.2 (1996). However, in this case there is no deficiency in the indictment. In this case, at this stage, in light of this Circuit's ruling in *Buchanan* and the conclusion previously reached that the indictment is valid on its face, *in camera* review would serve no purpose.

■ In addition, the Court of Appeals for the Tenth Circuit has set a standard applicable to *in camera* review of requested grand jury materials. This procedure should apply to a request for review of instructions. In *In re Special Grand Jury 89–2,* supra, the court said the person requesting disclosure of protected grand jury materials must first show particularized need 143 F.3d at p. 571. Then an *in camera* review by the proper judge should be conducted, to determine the proper scope of release "limited to the claimed need." *Id.* p. 572, citing *In re Grand Jury Matter,* 682 F.2d 61, 66 (3rd Cir.1982). In this case, there is no particularized need, and the request extends to all instructions.

Subsequently, in *United States v. Rockwell International Corp.,* supra, the court again addressed the same general proposition. The case followed remand in the *In re Special Grand Jury 89–2* case. The court initially said that particularized need must first be established 173 F.3d at 759. The court then said:

Once the district court is satisfied that a particularized need has been articulated by counsel, the court shall, from its *in camera* review of the relevant grand jury testimony, determine where in the testimony the particularized need is supported. The district court shall state on the record, and with specificity, why the particularized need has been established and the district court will have to do so in the first instance. Once the particularized need has been determined, the district court must conduct a balancing test to determine whether the particularized need outweighs the need for secrecy.

■ Again, *in camera* review is to be conducted only upon a showing of particularized need, which has not been met in this case. District courts should not be obligated to conduct *in camera* review on bare speculation, generalized complaint, or a fishing expedition. *In camera* review should be premised on a showing of some justification to intrude into secrecy of the grand jury process. This is in keeping with an analogous situation where the Supreme Court addressed the justification for *in camera* re-

view of an attorney/client privileged communication based on a claim of the crime or fraud exception. The court in *United States v. Zolin*, 491 U.S. 554, 572, 109 S.Ct. 2619, 105 L.Ed.2d 469 (1989) said:

> Before engaging in *in camera* review to determine the applicability of the crime/fraud exception the judge should require a showing of a factual basis adequate to support a good faith belief by a reasonable person ... that *in camera* review of the material may reveal evidence to establish a claim that the crime/fraud exception applies.

This standard is akin to the particularized need showing required in this Circuit for *in camera* review of grand jury material. The defendants have not met their burden. Therefore,

**IT IS HEREBY ORDERED** the defendants' motion for inspection of grand jury instructions or *in camera* court review is **DENIED.**