[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 2, 2009
THOMAS K. KAHN
CLERK

No. 08-13877
Non-Argument Calendar

_____

D. C. Docket No. 06-00430-CR-01-WSD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PHILLIP EUGENE JENKINS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(April 2, 2009)**

Before DUBINA, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Phillip Eugene Jenkins appeals following his convictions on six counts of attempted transfer of obscene material to a minor, in violation of 18 U.S.C. § 1470. The charges stemmed from internet communications Jenkins had with, and webcam masturbation videos he sent to, a Canadian law enforcement officer in Ontario, Canada, who was posing as a 13-year-old girl.

On appeal, he argues his convictions were not supported by sufficient evidence at trial because evidence did not support an obscenity determination. Specifically, he argues: (1) no evidence was introduced at his Atlanta, Georgia, trial regarding the community standards in Canada; (2) Canadian law conclusively showed that the videos he sent were not obscene; and (3) Canadian law was conclusive regarding community standards because it allowed adults to purchase and view masturbation videos.

Federal law prohibits the attempted transfer of obscene material, using means of interstate commerce, to an individual the transferor knows is under 16 years old. 18 U.S.C. § 1470. In *Miller v. California*, 93 S. Ct. 2607 (1973), the Supreme Court held that, in order for material to be obscene, a trier of fact must find that: (1) "the average person, applying contemporary community standards would find that the work, taken as a whole, appeals to the prurient interest;" (2) "the work depicts or describes, in a patently offensive way, sexual conduct

2

specifically defined by the applicable state law;" and (3) "the work, taken as a whole, lacks serious literary, artistic, political, or scientific value." *Id.* at 2615 (internal quotations and citations omitted). The *Miller* test applies to federal obscenity prosecutions. *United States v. Bagnell*, 679 F.2d 826, 835 n.9 (11th Cir. 1982).

The Supreme Court has said that, in judging whether materials are obscene under the *Miller* test, the materials generally are "sufficient in themselves for the determination of the question." *Paris Adult Theatre I v. Slaton*, 93 S. Ct. 2628, 2635 (1973) (internal quotations omitted). The jury should be able to "apply first-hand knowledge to the Miller test, thus obviating the need for expert testimony." *Id.*

When allegedly-obscene material is transferred from one community to another, the relevant community standards are those of the receiving community. *Ashcroft v. ACLU*, 122 S. Ct. 1700, 1712 (2002); *see also Hamling v. United States*, 94 S. Ct. 2887, 2902 (1974). Although a particular community's laws regarding the regulation of obscene material, or lack thereof, may be relevant to the community standards analysis, they are "not conclusive as to the issues of [such] standards for appeal to the prurient interest and patent offensiveness." *Smith v. United States*, 97 S. Ct. 1756, 1767-68 (1977). In fact, evidence of standards in a

community outside the receiving community may be relevant to the obscenity determination, and the *Miller* test allows the jurors to draw on their knowledge of the community from which them came to decide "what conclusion the average person, applying contemporary community standards would reach in a given case." *Bagnell*, 679 F.2d at 836 (internal quotations omitted); *Hamling*, 94 S. Ct. at 2902.

In this case, sufficient evidence supported Jenkins's conviction for attempted transfer of obscene material to a minor. The jury saw each of the six video recordings of Jenkins, which was evidence sufficient for the jury to make an obscenity determination. *See id.* Although the jury heard evidence regarding Canadian law, that evidence did not control either the jury's overall obscenity determination or its evaluation of the community standards. *See Smith,* 97 S. Ct. at 1768. For these reasons, we affirm Jenkins's convictions.[1]

**AFFIRMED.**

---

[1] Jenkins has abandoned any challenge to his sentences by failing to assert any error in that regard on appeal. *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).