# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

September 21, 2016

Lyle W. Cayce
Clerk

No. 15-41201
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MICHAEL KIRKPATRICK, also known as M. Kirkpatrick,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:13-CR-71-1

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Michael Kirkpatrick engaged in series of private Internet "chats" with an undercover police officer who was posing as "Kayla," a 14 year old girl. On at least two occasions, Kirkpatrick sent webcam videos of himself masturbating to "Kayla." A jury convicted him of two counts of transferring, or attempting to transfer, obscene material to a minor under the age of 16, in violation of 18 U.S.C. § 1470. He now appeals.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-41201

Claims that § 1470 is unconstitutional

We review a claim that a statute is unconstitutional de novo. *United States v. Rudzavice,* 586 F.3d 310, 315 (5th Cir. 2009). Kirkpatrick first argues that § 1470 fails to comply with *Miller v. California,* 413 U.S. 15 (1973), which sets forth the relevant test for evaluating whether material is obscene, because the statute does not define "sexual conduct." We have rejected a similar argument § 1470 is unconstitutional because it fails to define the terms "obscene" and "sexual conduct." *See Rudzavice,* 586 F.3d at 314-15. Likewise, we have held that *Miller's* requirement that "sexual conduct" be "specifically defined by the applicable state law" is satisfied by "authoritative judicial construction," and we have found that *Miller* provided examples of "sexual conduct." *See United States v. Thevis,* 484 F.2d 1149, 1155 & n.8 (5th Cir. 1973) (citing *Miller,* 413 U.S. at 25).

Next, Kirkpatrick argues that § 1470 violates the First Amendment in various ways. The First Amendment permits restrictions upon the content of speech in certain areas, including obscenity. *See United States v. Richards,* 755 F.3d 269, 273-74 (5th Cir. 2014). Section 1470 is not unconstitutional because it applies only to obscene materials, and obscene material is not subject to First Amendment protections.

Kirkpatrick also argues that the statute's reliance on "community standards" to determine what material is obscene does not provide fair notice and allows the Government to choose a venue for prosecution that has favorable "standards." These arguments are meritless. The fact that a violation of a particular statute may be prosecuted in more than one district does not render that statute unconstitutional. *See United States v. Slepicoff,* 524 F.2d 1244, 1249 (5th Cir. 1975). In addition, Kirkpatrick has not shown that his trial was not properly held in the Eastern District of Texas.

No. 15-41201

Finally, Kirkpatrick argues that § 1470 violates his rights of confrontation and to present a defense because the Government is not required to put forth evidence demonstrating the applicable contemporary community standard. Again, these arguments are meritless. The Supreme Court has held that jurors may determine the standards of their own community, that jurors need not be questioned about their understanding of the standards of their community, and that a similar statute is not unconstitutionally vague on these bases. *See Smith v. United States,* 431 U.S. 291, 302, 308-09 (1977); *Hamling v. United States,* 418 U.S. 87, 104-05 (1974).

Jury instructions

Where the defendant requested a jury instruction and the district court denied the request, we review for an abuse of discretion. *United States v. McClatchy,* 249 F.3d 348, 356 (5th Cir. 2001).

First, Kirkpatrick requested an instruction that, in considering the issue of community standards, the "community" the jury should consider was a national community, or the community of persons involved in Internet chat rooms. We note that Kirkpatrick has not cited any binding precedent holding that a national standard is appropriate. In addition, the district court provided this court's pattern jury instruction on obscenity. *See* Fifth Circuit Pattern Jury Instructions (Criminal) § 2.60. "[A] district court does not err by giving a charge that tracks this Circuit's pattern jury instructions and that is a correct statement of the law." *United States v. Richardson,* 676 F.3d 491, 507 (5th Cir. 2012) (internal quotation marks and citation omitted).

Second, Kirkpatrick requested an optional pattern jury instruction that states, when assessing whether material satisfies the prurient-appeal element set forth in *Miller*, a jury may consider whether the material would appeal to "the sexual interest of a clearly defined deviant sexual group if the material in

3

question was intended to appeal to the prurient interest of that group, as distinguished from the community in general." Fifth Circuit Pattern Jury Instructions (Criminal) § 2.60. Kirkpatrick appears to have misunderstood the rationale for this additional instruction. *See Mishkin v. State of New York,* 383 U.S. 502, 508 (1966). In addition, Kirkpatrick has not established that members of "an adult romance chat room" would constitute "a clearly defined deviant sexual group," especially where, as here, the charged conduct occurred in private chat sessions.

Third, Kirkpatrick requested an instruction to the effect that, if he did not believe that "Kayla" was under 16 years of age, he could not be found to have knowledge of that fact. In cases where the recipient or intended victim is not actually a minor, it is sufficient that the defendant believes that the intended victim was a minor. *See Rudzavice,* 586 F.3d at 313-14. Kirkpatrick has not shown that the remainder of the instructions, including an explanation of the statute and a list of the elements of the offense, were legally incorrect. In addition, we conclude that the district court's explanation of the elements of the offense, which included an element requiring the jury to find that, "at the time [of the offense], the defendant knew or believed the recipient was not yet 16 years old," "substantially covered" the instruction Kirkpatrick wanted. *See United States v. Chambers,* 922 F.2d 228, 241 (5th Cir. 1991).

<u>Sufficiency of the evidence</u>

Kirkpatrick first argues that the evidence was insufficient to show that the material he transferred to "Kayla" was obscene. Because he preserved this issue for appeal, we review this challenge de novo. *See United States v. Phea,* 755 F.3d 255, 259-60 (5th Cir. 2014), *cert. denied* 135 S. Ct. 416 (2014). Reversal is not warranted if, "after viewing the evidence and all reasonable inferences in the light most favorable to the prosecution, *any* rational trier of

No. 15-41201

fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Vargas-Ocampo,* 747 F.3d 299, 301 (5th Cir. 2014) (en banc) (citing *Jackson v. Virginia,* 443 U.S. 307, 319 (1979)).

There was extensive evidence showing that Kirkpatrick used a webcam to send videos of himself masturbating, with the camera focused on his groin, and that he sometimes moved the webcam to better show his penis and ejaculate. During these webcam sessions, he continued to have explicit chats with "Kayla," including asking whether the videos sexually aroused her. Therefore, we conclude that a rational trier of fact could have found that these videos appealed to a "prurient interest" in sex. *See Miller,* 413 U.S. at 24; *Vargas-Ocampo,* 747 F.3d at 301. In addition, we conclude that a rational trier of fact could have found that the videos depicted "sexual conduct" in a "patently offensive way" within the meaning of the *Miller* obscenity test. *See Miller,* 413 U.S. at 24*; Thevis,* 484 F.2d at 1155 n.8. Although Kirkpatrick presented expert testimony that sexual fantasies and masturbation are normal behaviors and that sexual fantasies are explored on the Internet, the jury was free to disregard this testimony and find that the videos were obscene. *See Hamling,* 418 U.S. at 100. Finally, we note that Kirkpatrick has not argued that these videos had "serious literary, artistic, political, or scientific value." *See Miller,* 413 U.S. at 24. He has not shown the evidence was insufficient on this basis.

Kirkpatrick also argues the evidence was insufficient to show that he knew that "Kayla" was under 16 years of age. Because Kirkpatrick raised specific grounds for a judgment of acquittal in the district court, but he did not include the issue of his knowledge of "Kayla's" age, he did not preserve this issue for appeal. *See United States v. Herrera,* 313 F.3d 882, 884-85 (5th Cir. 2002); *see also United States Brown,* 727 F.3d 329, 335 (5th Cir. 2013). To reverse for insufficient evidence on this claim, we must find a "manifest

miscarriage of justice" occurred, which means that "the record is devoid of evidence pointing to guilt" or that "the evidence on a key element of the offense is so tenuous that a conviction would be shocking." *United States v. McDowell,* 498 F.3d 308, 312 (5th Cir. 2007) (internal quotation marks and citation omitted).

The record is not "devoid of evidence," nor is the evidence "tenuous," on this issue. There was extensive evidence from which a rational trier of fact could have found beyond a reasonable doubt that Kirkpatrick believed that "Kayla" was under 16 years of age. *See Vargas-Ocampo,* 747 F.3d at 301. The chat sessions contained multiple references to "Kayla's" purported age, schoolwork, home life, and sexual inexperience. In addition, in response to his repeated requests for photographs, Kirkpatrick was sent non-sexual photographs of an actual 14-year old girl. Although Kirkpatrick testified at trial that he believed other chat users were merely role playing or fantasizing, and he specifically denied that he believed "Kayla" was 14 years old, it is apparent from the jury's guilty verdict that they did not believe his testimony. We must accept all credibility choices and reasonable inferences made by the jury that tend to support the verdict. *See United States v. Haines,* 803 F.3d 713, 735 (5th Cir. 2015). Therefore, we conclude that Kirkpatrick has not shown the evidence was insufficient as to this element of the offense.

AFFIRMED.