# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-41630

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

BRANDON GUTHRIE,

Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**
February 16, 2018

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:16-CR-120-1

Before HIGGINBOTHAM, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Brandon Guthrie was indicted on one count of knowingly attempting to transfer obscene material to a minor and convicted pursuant to a conditional guilty plea. Guthrie argues that the videos underlying his conviction were not obscene and that the district court thus erred in denying his motion to dismiss the indictment and accepting his guilty plea, which he contends lacks a sufficient factual basis. We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-41630

**I.**

Between January 6 and January 12, 2016, Guthrie sent photos and videos via Snapchat[1] to a number of recipients, including a detective posing as fourteen-year-old Jane Doe.[2] Guthrie sent, *inter alia*, videos of himself masturbating nude, including one where he masturbates to ejaculation.[3] On February 18, 2016, Guthrie was indicted on one count of knowingly attempting to transmit obscene matter to another individual who had not attained the age of sixteen years, in violation of 18 U.S.C. § 1470.[4]

Guthrie filed a motion to dismiss the indictment, arguing that the government failed to allege an offense because the transmitted materials were not obscene as a matter of law.[5] The district court denied the motion, finding that whether the videos were obscene is a question of fact for the jury.

Guthrie then pleaded guilty pursuant to a conditional plea agreement that reserved his right to appeal the denial of the motion to dismiss. The court sentenced Guthrie to fifteen months of confinement followed by three years of supervised release.

---

[1] Snapchat is a video message application that allows users to send photos, videos, and texts to a controlled list of recipients.

[2] Before the relevant time period, Guthrie exchanged messages with Doe. When Doe's parents learned of their daughter's correspondence with Guthrie, they turned the phone over to the police and granted a detective permission to take over Jane Doe's cell phone and social media accounts. The detective began communicating with Guthrie.

[3] Guthrie sent additional photographs and videos of himself partially undressed, but the government conceded that material is not obscene and not the basis for its case.

[4] "Whoever, using the mail or any facility or means of interstate or foreign commerce, knowingly transfers obscene matter to another individual who has not attained the age of 16 years, knowing that such other individual has not attained the age of 16 years, or attempts to do so, shall be fined under this title, imprisoned not more than 10 years, or both." 18 U.S.C. § 1470.

[5] Guthrie argued that "it is difficult to see how the simple depiction of masturbation, an ordinary sexual act, could fall outside the scope of [First Amendment] protection."

No. 16-41630

On appeal, Guthrie contends that videos of masturbation, without any additional characteristics such as violence or bestiality, are not "patently offensive" as a matter of law and therefore cannot be obscene. He contends that the district court thus erred both in denying his motion to dismiss and in accepting his plea.

## II.

The denial of a motion to dismiss based on the interpretation of a federal statute is reviewed de novo.[6] "[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense."[7]

"The propriety of granting a motion to dismiss an indictment . . . is by-and-large contingent upon whether the infirmity in the prosecution is essentially one of law or involves determinations of fact. . . . If a question of law is involved, then consideration of the motion is generally proper."[8] By Guthrie's own description "[t]he sole question presented by the motion to dismiss was whether, as a matter of law, the images transmitted by Mr. Guthrie were obscene." If the videos are not obscene as a matter of *law*, then the indictment may be insufficient. If, however, the obscenity of the videos is a question of *fact* for the jury, then the district court properly denied Guthrie's motion to dismiss the indictment.

Guthrie further argues that the district court erred in accepting his guilty plea because it was not supported by a legally sufficient factual basis. Notwithstanding Guthrie's plea, this court "will reverse on direct appeal where

---

[6] *United States v. Olvera*, 687 F.3d 645, 647 (5th Cir. 2012).

[7] *Hamling v. United States*, 418 U.S. 87, 117 (1974).

[8] *United States v. Fontenot*, 665 F.3d 640, 644 (5th Cir. 2011) (quoting *United States v. Flores*, 404 F.3d 320, 324 (5th Cir. 2005)).

No. 16-41630

the factual basis for the plea as shown of record fails to establish an element of the offense of conviction."[9] The Federal Rules of Criminal Procedure "require[] the district court to determine that the *factual* conduct to which the defendant admits is sufficient *as a matter of law* to constitute a violation of the statute."[10] To comply with this rule, the district court must compare "the conduct to which the defendant admits" with "the elements of the offense charged."[11] A challenge to the legal sufficiency of an undisputed factual basis is reviewed de novo.[12] The district court's acceptance of a guilty plea is a factual finding that is reviewed for clear error.[13]

As with the motion to dismiss, Guthrie does not dispute the facts underlying the guilty plea. He states that "[t]he sole dispute in this case is whether, as a matter of law, the materials he transmitted were obscene." Because both of Guthrie's arguments turn on the same legal question, we address the merits of his arguments together.

Section 1470 prohibits the transfer of obscene material to a minor. In order to establish that material is obscene, the government must show that: (1) "'the average person, applying contemporary community standards' would find that the work, taken as a whole, appeals to the prurient interest"; (2) "the work depicts or describes, in a patently offensive way, sexual conduct"; and (3) "the work, taken as a whole, lacks serious literary, artistic, political, or scientific value."[14] Guthrie concedes that the videos in question appealed to the

---

[9] *United States v. White*, 258 F.3d 374, 380 (5th Cir. 2001).

[10] *United States v. Marek*, 238 F.3d 310, 314 (5th Cir. 2001) (en banc).

[11] *Id*. at 315.

[12] *United States v. Butler*, 637 F.3d 519, 521 (5th Cir. 2011).

[13] *United States v. Reasor*, 418 F.3d 466, 470 (5th Cir. 2005).

[14] *Miller v. California*, 413 U.S. 15, 24 (1973) (quoting *Kois v. Wisconsin*, 408 U.S. 229, 230 (1972)). *See United States v. Rudzavice*, 586 F.3d 310, 315 (5th Cir. 2009) (stating that courts "read [the *Miller*] test into federal obscenity statutes" including § 1470).

prurient interest and lacked serious literary, artistic, political, or scientific value; thus, he challenges only whether the videos could be patently offensive.

"*Miller* states that the question[] of . . . what is 'patently offensive' under the obscenity test which it formulates [is] 'essentially [a] question[] of fact.'"[15] A fact-finder evaluates whether material is patently offensive in light of contemporary community standards.[16] Of course, this does not mean that jurors have "unbridled discretion in determining what is 'patently offensive.'"[17] The Supreme Court made clear that an appellate court could refuse to uphold a fact-finder's determination of obscenity where it would be "wholly at odds" with *Miller*—e.g., where a jury based an obscenity conviction "upon a defendant's depiction of a woman with a bare midriff."[18]

Guthrie argues that videos depicting masturbation "without more" cannot be patently offensive. To make his point, Guthrie points to an illustrative list of potentially obscene materials from *Miller*, which includes "[p]atently offensive representation or descriptions of masturbation, excretory functions, and lewd exhibition of the genitals."[19] Guthrie urges us to read this language to indicate that depictions of masturbation alone cannot be patently offensive because otherwise the qualifiers "patently offensive" and "lewd" would be mere surplusage. We disagree. While the Supreme Court's language indicates that *some* depiction of masturbation might not be patently offensive,

---

[15] *Jenkins v. Georgia*, 418 U.S. 153, 159 (1974) (quoting *Miller*, 413 U.S. at 30). *See also United States v. Ragsdale*, 426 F.3d 765, 782 (5th Cir. 2005) ("While the definition of obscenity is a legal conclusion, whether a work qualifies as obscenity *vel non* as applied to the facts of a particular case is a question of fact.").

[16] *Ashcroft v. Am. Civil Liberties Union*, 535 U.S. 564, 576 n.7 (2002).

[17] *Jenkins*, 418 U.S. at 160.

[18] *Id.* at 161.

[19] *Miller*, 413 U.S. at 25.

it does not follow that *any* depiction of masturbation cannot be patently offensive absent some undefined "plus factor."[20]

Guthrie points to several cases where depictions of sexual conduct are deemed patently offensive at least in part because of "additional characteristics" like sexual violence and bestiality.[21] Yet these cases do not state that these characteristics are *required* to render something obscene. Guthrie points to no case law holding a video of an adult man masturbating to ejaculation cannot be obscene as a matter of law.

In fact, this court and at least two others have upheld convictions under § 1470 for transmission of videos depicting masturbation.[22] Guthrie tries to argue that these cases are inapposite because they did not address the patent offensiveness of the videos themselves. That argument is unavailing. In each case, the appellate court held that a rational trier of fact could have found the videos patently offensive.[23] Implicit in each of these holdings is the idea that a video of male masturbation is not non-obscene as a matter of law.

---

[20] Furthermore, *Guthrie*'s textual argument loses much of its force in the face of *Jenkins*, issued only one year after *Miller*. In *Jenkins*, the Supreme Court stated that it "took pains in *Miller* to 'give a few plain examples'" of what could be considered patently offensive, "includ[ing] . . . 'representations or descriptions of masturbation, excretory functions, and lewd exhibition of the genitals.'" *Jenkins*, 418 U.S. at 160 (quoting *Miller*, 413 U.S. at 25). This framing makes clear that the Supreme Court contemplated some category of "representations of masturbation" could be patently offensive, and it gives no indication that patent offensiveness relies on any additional characteristic.

[21] *See, e.g.*, *Ragsdale*, 426 F.3d at 781; *United States v. Adams*, 337 F. App'x 336, 338 (4th Cir. 2009) (unpublished).

[22] *United States v. Kirkpatrick*, 662 F. App'x 237, 240 (5th Cir. 2016) (unpublished); *United States v. Rogers*, 474 F. App'x 463, 470 (7th Cir. 2012) (unpublished); *United States v. Jenkins*, 322 F. App'x 716, 716–17 (11th Cir. 2009) (unpublished).

[23] *See Kirkpatrick*, 662 F. App'x at 240 ("[A] rational trier of fact could have found that the videos depicted 'sexual conduct' in a 'patently offensive way' within the meaning of the *Miller* obscenity test."); *Rogers*, 474 F. App'x at 470 ("In this case, the image of the erect penis falls within the constitutional bounds of 'patently offensive' material. A jury could reasonably find that the picture represented or described a lewd exhibition of [the defendant's] genitals."); *Jenkins*, 322 F. App'x at 717 ("The jury saw each of the six video recordings of Jenkins, which was evidence sufficient for the jury to make an obscenity determination.").

No. 16-41630

We reaffirm that view today and hold that a reasonable fact-finder applying contemporary community standards could determine that the videos transmitted by Guthrie were "patently offensive representation[s]" of masturbation or "lewd exhibition of the genitals." Guthrie concedes that the videos could appeal to the prurient interest and lack serious literary, artistic, political, or scientific merit. Thus, whether these specific videos are obscene is a question of fact, and we hold that a rational trier of fact could have found that the videos depicted sexual conduct in a patently offensive way.

## III.

For the foregoing reasons, the district court's decisions to deny the motion to dismiss and to accept Guthrie's guilty plea are affirmed.