**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 21, 2009

Charles R. Fulbruge III
Clerk

No. 08-10791

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

JAMES L. RUDZAVICE,

Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas

Before HIGGINBOTHAM, STEWART, and OWEN, Circuit Judges.

PRISCILLA R. OWEN, Circuit Judge:

James Rudzavice was convicted in a bench trial for one count of knowingly receiving child pornography in violation of 18 U.S.C. § 2252(a)(2) and one count of attempting to transfer obscene material to a minor under the age of 16 in violation of 18 U.S.C. § 1470. On appeal, Rudzavice argues that: (1) the district court erred in refusing to acquit him of the charge of violating § 1470 because he did not attempt to transfer obscene materials to an individual who was in fact under the age of 16; (2) § 1470 is unconstitutionally vague because it fails to define the terms "obscene" and "sexual conduct"; (3) he should have received an offense-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1;

and (4) the district court erred by failing to adequately explain its sentence in terms of the factors in 18 U.S.C. § 3553(a).  We affirm.

# I

A grand jury indicted James L. Rudzavice for one count of knowingly receiving child pornography in violation of 18 U.S.C. § 2252(a)(2) (Count One) and one count of attempting to transfer obscene material to a minor under the age of 16 in violation of 18 U.S.C. § 1470 (Count Two).  Two additional counts sought forfeiture of various computer equipment allegedly used in the offenses.  Rudzavice signed a plea agreement with the Government in which he pleaded guilty only to Count One of the indictment and pleaded true to the forfeiture provisions, and in exchange, the Government agreed to dismiss Count Two.  The Probation Office prepared a Presentence Report (PSR).  The statutory maximum sentence on Count One was 20 years.[1]

At the sentencing hearing, the court rejected the plea agreement, expressing concern that the dismissal of Count Two "would prevent the Court from going as high as the advisory guidelines indicate would be appropriate as a sentence in this case, which would be for 324 to 405 months."  Rudzavice decided to persist in his plea of guilty to Count One and pleas of true to the forfeiture allegations.

Rudzavice moved to dismiss Count Two, arguing that the statute's use of the word "obscene" was unconstitutionally vague.  At a hearing on the matter, the district court also questioned whether the statute could be violated when the person receiving the materials was not actually under the age of 16, and the court ordered the Government to brief both issues.  The Government filed a brief in opposition to Rudzavice's motion, and the district court denied the motion.

---

[1] *See* 18 U.S.C. § 2252(b)(1).

Rudzavice waived his right to a jury trial and agreed to a stipulation of evidence. The case proceeded to trial, and the district court received the stipulation of facts into evidence along with 31 stipulated Government exhibits. The Government called only one witness, Agent Katherine Smith, who described her undercover conversation with Rudzavice in an internet chat room and the images Rudzavice sent to her during the conversation. She also confirmed on cross-examination that she was not under the age of 16 at the time the conversation transpired. At the conclusion of the trial, Rudzavice moved for acquittal pursuant to Federal Rule of Criminal Procedure 29, arguing that venue was improper; no evidence of the community standards of El Paso, Texas, was presented; the images sent by Rudzavice were not in fact obscene; and that the court had to acquit Rudzavice of Count Two because the person to whom he attempted to transfer the materials was not in fact under age 16 at the time. The court denied the motion and found Rudzavice guilty.

The Probation Office prepared a revised PSR. Rudzavice filed several written objections, including an objection to the denial of an offense-level reduction for acceptance of responsibility. The Probation Office recommended that the reduction not be granted because Rudzavice "did not discuss his offense of conviction with this probation office, other than his stipulation to the court." Rudzavice filed a written response to the PSR Addendum, maintaining that credit for acceptance of responsibility should be applied. The Government took no position on whether the reduction should be granted.

At sentencing, Rudzavice again objected to the denial of a reduction for acceptance of responsibility, but the court overruled the objection. The court adopted the PSR, and, after hearing Rudzavice's attorney make a lengthy argument for a downward departure or a below-Guidelines sentence based on the 18 U.S.C. § 3553(a) factors, the court denied the motion for downward departure and the alternate request for sentencing variance. The court

sentenced Rudzavice to terms of imprisonment of 240 months for Count One and 120 months for Count Two, to run consecutively, in accordance with the Guidelines. The court also ordered Rudzavice to serve concurrent terms of supervised release for life as to Count One and for two years as to Count Two. On the Government's motion, the court dismissed the forfeiture allegations. Rudzavice timely filed a notice of appeal.

## II

Rudzavice first argues that the district court erred in refusing to acquit him of the charge of violating § 1470 because he did not attempt to transfer obscene materials to an individual who was in fact under the age of 16. The Government maintains that the statute's proscription of attempted offenses covers Rudzavice's conduct and that Rudzavice's interpretation of the statute would require law enforcement to endanger an actual minor in apprehending and prosecuting sexual predators like Rudzavice. Because Rudzavice moved for a judgment of acquittal at the conclusion of the bench trial, we review de novo.[2]

Section 1470 provides that:

> Whoever, using the mail or any facility or means of interstate or foreign commerce, knowingly transfers obscene matter to another individual who has not attained the age of 16 years, knowing that such other individual has not attained the age of 16 years, or attempts to do so, shall be fined under this title, imprisoned not more than 10 years, or both.[3]

The facts stipulated by Rudzavice and the trial testimony of Agent Katherine Smith of the Texas Attorney General's Office established that Agent Smith entered a chat room posing as a 15-year-old girl named Shelly, Agent Smith was in fact 38 years old at the time, and Agent Smith received a chat message from

---

[2] *See United States v. Harris*, 566 F.3d 422, 435 (5th Cir. 2009).

[3] 18 U.S.C. § 1470.

Rudzavice, to whom she identified herself as a 15-year-old girl from El Paso, Texas. Rudzavice contends that these facts cannot support a conviction under § 1470.

This court has repeatedly rejected similar arguments in challenges to convictions under other statutes that criminalize conduct aimed at minors.[4] For example, in *United States v. Farner*, we held that a person could commit the offense of attempting to use a facility or means of interstate commerce to induce or entice an individual younger than 18 years old to engage in prostitution or any unlawful sexual activity even if the victim in the case was an adult, undercover law enforcement officer.[5] This court stated that "criminal attempt cases" require "proof of two elements: first, that the defendant acted with the kind of culpability otherwise required for the commission of the underlying substantive offense, and, second, that the defendant had engaged in conduct which constitutes a substantial step toward commission of the crime."[6] "The substantial step must be conduct which strongly corroborates the firmness of [the] defendant's criminal attempt."[7] Because "Farner's scheme, if fully carried out as he 'desired' or 'planned,' was not to engage in sexual relations with an adult FBI officer" but a 14-year-old girl, we affirmed Farner's criminal attempt conviction.[8]

---

[4] *See United States v. Hubbard*, 480 F.3d 341, 346 (5th Cir. 2007) ("When a statute criminalizes conduct because the victim or intended victim is a minor, we have held that it is of no moment that the person with whom a defendant attempted to engage in prohibited conduct was actually an adult as long as the defendant believed the intended victim to be a minor . . . .").

[5] 251 F.3d 510, 511-13 (5th Cir. 2001) (construing 18 U.S.C. § 2422(b)).

[6] *Id.* at 513.

[7] *Id.*

[8] *Id.*

Rudzavice focuses on the language of § 1470 stating that the actor must transfer images while knowing that such other individual "has not attained the age of 16 years." Rudzavice argues that this specific *mens rea* element requires that the Government prove that the victim was under the age of 16 even when the alleged offense was inchoate. We disagree.

The statute criminalizes an attempt to "transfer[] obscene matter to another individual who has not attained the age of 16 years, knowing that such other individual has not attained the age of 16 years."[9] Rudzavice's conduct was an attempt to engage in precisely the prohibited conduct. Because Rudzavice, like Farner, would have violated the law if his scheme were fully carried out as he desired or planned, he is liable for criminal attempt under § 1470.[10]

## III

Rudzavice next argues that § 1470 is unconstitutionally vague because it fails to define the terms "obscene" and "sexual conduct." The "void-for-vagueness" doctrine "requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement."[11] Whether a criminal statute is unconstitutionally vague is a question of law, which we review de novo.[12]

---

[9] 18 U.S.C. § 1470.

[10] *Accord United States v. Spurlock*, 495 F.3d 1011, 1013 (8th Cir. 2007) (rejecting the argument that a criminal attempt conviction under § 1470 could not be supported where the evidence showed that the victim was an adult, undercover officer); *see also United States v. Dodge*, 554 F.3d 1357, 1359 n.2 (11th Cir. 2009) (stating in dicta that the court would reach the same holding if the issue were raised), *reh'g en banc granted and opinion vacated*, 566 F.3d 976 (11th Cir. 2009).

[11] *Kolender v. Lawson*, 461 U.S. 352, 357 (1983).

[12] *United States v. Monroe*, 178 F.3d 304, 308 (5th Cir. 1999).

Section 1470 prohibits the interstate transfer of "obscene matter" to an individual under the age of 16.[13] In *Miller v. California*, the Supreme Court articulated a three-part test for determining whether material is "obscene" and therefore falls outside the scope of First Amendment protections.[14] Courts read that test into federal obscenity statutes in order to construe them in a manner consistent with the Constitution.[15] Accordingly, the fact that § 1470 does not specifically define the word "obscene" does not render it unconstitutionally vague.

Nevertheless, Rudzavice argues that § 1470 is distinguishable from the statutes construed as incorporating *Miller*, and therefore upheld as constitutional, because § 1470 only prohibits "obscene" material whereas the other statutes prohibited material that was "obscene, lewd, lascivious, indecent, filthy or vile."[16] However, this court has held that a local ordinance prohibiting "the amplification of words or sounds that are 'obscene,' with no further definition of that term" was not unconstitutionally vague when the term was construed to conform to the requirements of the First Amendment as set forth in *Miller*.[17] Rudzavice's claim is without merit.

---

[13] 18 U.S.C. § 1470.

[14] 413 U.S. 15, 24-25 (1973).

[15] *See Hamling v. United States*, 418 U.S. 87, 105 (1974) (holding that 18 U.S.C. § 1461 incorporates *Miller*); *United States v. 12 200-Foot Reels of Super 8mm. Film*, 413 U.S. 123, 130 n.7 (1973) (incorporating *Miller* "[i]f and when such a 'serious doubt' is raised as to the vagueness of the words 'obscene,' 'lewd,' 'lascivious,' 'filthy,' 'indecent,' or 'immoral' as used to describe regulated material in 19 U.S.C. § 1305(a) and 18 U.S.C. § 1462"); *United States v. Thevis*, 484 F.2d 1149, 1152 (5th Cir. 1973) (construing 18 U.S.C. § 1462 and noting that "[t]he term 'obscene' as used in the statute is a legal term of art, not merely a generic or descriptive term" and "has been the subject of much explication in Supreme Court opinions").

[16] *See* 18 U.S.C. § 1461.

[17] *Reeves v. McConn*, 638 F.2d 762, 763-764 (5th Cir. 1981).

## IV

Rudzavice's final two contentions relate to his sentencing. Rudzavice argues that he should have received an offense-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. We "review[] a district court's refusal to reduce a defendant's offense level for acceptance of responsibility under § 3E1.1 with a standard even more deferential than a purely clearly erroneous standard."[18] We will not disturb a district court's ruling that a defendant is not entitled to a sentencing reduction for acceptance of responsibility unless "it is without foundation."[19]

Section 3E1.1 provides for a reduction of the offense level "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense."[20] The commentary states:

> 2. This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse. Conviction by trial, however, does not automatically preclude a defendant from consideration for such a reduction. In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial. This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (e.g., to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct). In each such instance, however, a

---

[18] *United States v. Washington*, 340 F.3d 222, 227 (5th Cir. 2003); *see also United States v. Spires*, 79 F.3d 464, 467 (5th Cir. 1996) ("Because the trial court's assessment of a defendant's contrition will depend heavily on credibility assessments, the 'clearly erroneous' standard will nearly always sustain the judgment of the district court.").

[19] *Washington*, 340 F.3d at 227.

[20] U.S.S.G. § 3E1.1 (2008).

> determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct.[21]

"The defendant bears the burden of proving entitlement to a decrease in offense level for acceptance of responsibility."[22]

Rudzavice argues that he is entitled to a reduction for acceptance of responsibility because the only reason he went to trial was to make a constitutional challenge to § 1470 and to challenge the applicability of the statute to his conduct. Rudzavice further argues that he cooperated with the police twice before he was ever indicted, and that, prior to trial, he had stipulated to every element the court ruled necessary to convict him of the offense.

We cannot conclude that the district court's refusal to grant the reduction in offense levels is without foundation. Although Rudzavice argues that the only reason he went to trial was to make a constitutional challenge to § 1470 and to challenge the applicability of the statute to his conduct, Rudzavice moved for a judgment of acquittal at the end of the trial on the grounds that there was insufficient evidence to establish the elements of the offense.[23] Rudzavice argued that there was insufficient evidence of the community standards that would apply in this case and that there was insufficient evidence that the images were

---

[21] U.S.S.G. § 3E1.1 cmt. n.2 (2008).

[22] *United States v. Ragsdale*, 426 F.3d 765, 781 (5th Cir. 2005).

[23] *See United States v. Cordero*, 465 F.3d 626, 632 (5th Cir. 2006) (considering the fact that the defendant had "moved for a judgment of acquittal at the end of the trial 'on the grounds that the Government . . . failed to prove its case beyond a reasonable doubt'" in determining that the defendant had not "proven his entitlement to an acceptance-of-responsibility reduction").

"obscene with regard to the community standard anywhere in the United States." By making these arguments, Rudzavice challenged his factual guilt.[24]

Rudzavice also could have avoided a full trial by asking for a conditional plea under Federal Rule of Criminal Procedure 11(a)(2) after the district court ruled on his constitutional and applicability arguments and denied his motion to dismiss.[25] This further undermines Rudzavice's argument that the only reason he went to trial was to make a constitutional challenge to § 1470 and to challenge the applicability of the statute to his conduct.[26] Under these circumstances, we will not disturb the district court's denial of a reduction for acceptance of responsibility.

## V

Rudzavice also argues that the district court erred by failing to explain adequately its sentence in terms of the factors in § 3553(a). Rudzavice never challenged the sentence as unreasonable in the district court on this basis, and therefore we review for plain error only.[27] To establish plain error, the appellant must show an error that is clear or obvious and that affects his substantial rights.[28] If the appellant makes such a showing, we have the discretion to

---

[24] *See Ragsdale*, 426 F.3d at 782 (holding that defendants who went to trial to dispute whether materials satisfied the obscenity test under *Miller* were challenging their factual guilt, and therefore not "qualif[ied] for a sentencing credit under the rare circumstance where the defendant proceeds to trial but can still qualify for a § 3E1.1 reduction").

[25] *See United States v. Wise*, 179 F.3d 184, 186 (5th Cir. 1999) ("Conditional pleas may be permitted, and this is the usual procedural avenue for preserving the defendant's objection to a dispositive pretrial ruling and obviating the need for a full trial.").

[26] *See United States v. Farias*, 469 F.3d 393, 400 (5th Cir. 2006) (noting that the defendant "did not go to trial to preserve his plea agreement argument—after the court ruled on that issue, he could have asked for a conditional plea allowing him to appeal that ruling, a request he never made," and concluding that "[t]he court's refusal to find acceptance of responsibility was not without foundation").

[27] *See United States v. Lopez-Velasquez*, 526 F.3d 804, 806 (5th Cir. 2008).

[28] *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009).

correct the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.[29]

In this case, Rudzavice's attorney argued at length during the sentencing hearing for a below-Guidelines sentence based on the § 3553(a) factors, in addition to having filed sentencing memoranda urging the same. The district court expressly rejected these arguments, and then proceeded to announce its sentencing decision after Rudzavice declined to make a personal statement. In addition, the court's written statement of reasons states that "[t]he sentence is within the advisory guideline range, and the court finds no reason to depart."

In *Rita v. United States*, the defendant argued for a below-Guidelines sentence based on the § 3553(a) factors.[30] The Supreme Court held that district court's statement of reasons was legally sufficient where the record revealed that the judge listened to each of the defendant's arguments and stated simply that the district court found the Guidelines sentencing range more "appropriate" than a sentence below the Guidelines range.[31] Similarly, the district court here considered Rudzavice's arguments for a lower sentence, expressly overruled them, and stated that the Guidelines range was more appropriate. The district court's explanation of its sentencing decision was not plain error, and it did not affect Rudzavice's substantial rights.

*     *     *

Therefore, for the reasons discussed above, we AFFIRM the district court's judgment.

---

[29] *Id.*

[30] 551 U.S. 338, 358 (2007).

[31] *Id.*