[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-13886
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 16, 2011
JOHN LEY
CLERK

D.C. Docket No. 2:08-cr-00222-WKW-CSC-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

STEPHEN CHARLES NORRELL,
a.k.a. Srunway 36,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(August 16, 2011)

Before WILSON, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Stephen Charles Norrell appeals his conviction and 42-month sentence for

knowingly attempting to transfer obscene matter to an individual under the age of 16, in violation of 18 U.S.C. § 1470. On appeal, Norrell raises three issues: (1) whether the district court erred as a matter of law when it instructed the jury that knowledge under § 1470 may be established if Norrell believed that the person to whom he attempted to transfer obscene matter was under 16 years old; (2) whether the district court clearly erred in applying a seven-level enhancement to Norrell's base offense level for conduct intended to persuade, induce, entice, coerce, or facilitate the travel of, a minor to engage in prohibited sexual conduct; and (3) whether Norrell's 42-month sentence, which was within the advisory Guidelines range, was procedurally and substantively reasonable.

I.

We review *de novo* the legal correctness of a jury instruction. *United States v. Prather*, 205 F.3d 1265, 1270 (11th Cir. 2000). "Generally, district courts have broad discretion in formulating jury instructions provided that the charge as a whole accurately reflects the law and the facts." *Id*. (internal quotation marks omitted). And "we will not reverse a conviction on the basis of a jury charge unless the issues of law were presented inaccurately, or the charge improperly guided the jury in such a substantial way as to violate due process." *Id*. (internal quotation marks omitted).

Norrell argues that the district court's jury instruction constructively modified the indictment by changing an essential element of the charged offense under § 1470. This argument is unpersuasive.

Section 1470 provides:

> Whoever, using the mail or any facility or means of interstate or foreign commerce, knowingly transfers obscene matter to another individual who has not attained the age of 16 years, knowing that such other individual has not attained the age of 16 years, or attempts to do so, shall be fined under this title, imprisoned not more than 10 years, or both.

18 U.S.C. § 1470. The district court's instruction relating the elements needed to convict under § 1470 tracked the language of the statute. (Doc. 70 at 8). But Norrell's challenge relates to the court's charge concerning "proof of knowledge," which read:

> When knowledge of the existence of a particular fact is an essential part of an offense, *such knowledge may be established if the Defendant believed that the fact existed*. If you find that the Defendant did not actually believe the fact existed, you cannot find that the Defendant had the requisite knowledge.

(Doc. 70 at 15) (emphasis added). He argues the court erroneously instructed the jury that proof of a defendant's belief is sufficient to establish his knowledge. Therefore, the issue before us is whether the district court's construction of the

3

term "knowing" in § 1470 was erroneous.

Importantly, Norrell was charged with attempt under § 1470, so we consider this issue as it relates to an inchoate offense under the statute. Other circuits have determined that a defendant's belief that he was transferring obscene material to a person under the age of 16 was sufficient to support an attempt conviction under § 1470. *See United States v. Rudzavice*, 586 F.3d 310, 313–14 (5th Cir. 2009); *United States v. Spurlock*, 495 F.3d 1011, 1013 (8th Cir. 2007). This reasoning is consistent with our decision in *United States v. Root*, 296 F.3d 1222 (11th Cir. 2002), *superseded by statute on other grounds as recognized in United States v. Jerchower*, 631 F.3d 1181, 1186–87 (11th Cir. 2011). In *Root*, we reviewed a conviction for knowingly attempting to persuade a minor to engage in criminal sexual activity in violation of 18 U.S.C. § 2422(b), and we concluded that "an actual minor victim is not required for an attempt conviction" under that statute. *Id.* at 1223, 1227. We explained, "Root's belief that a minor was involved is sufficient to sustain an attempt conviction under 18 U.S.C. § 2422(b)." *Id.* at 1227; *see also United States v. Bauer*, 626 F.3d 1004, 1007–08 (8th Cir. 2010) (considering defendant's conviction for attempted receipt of child pornography under 18 U.S.C. § 2252A, and concluding, "[t]he stipulated facts demonstrate that Bauer believed that he was communicating with a fourteen-year-old girl and

4

intended to receive pornographic images of her. Bauer's undisputed belief that his victim was a minor satisfies the 'knowingly' requirement of the statute"); *United States v. Coté*, 504 F.3d 682, 687–88 (7th Cir. 2007) ("In a criminal attempt, a defendant who believes certain requisite facts to be true has the necessary intent for a crime requiring the *mens rea* of 'knowledge.'").

Norrell was charged with attempt under § 1470; therefore, the district court's construction of the term "knowing" as encompassing Norrell's "belief" was consistent with the statutory language and the indictment. Accordingly, the court did not err when it charged the jury regarding proof of Norrell's knowledge.

## II.

We review a district court's factual finding as to whether a defendant qualifies for a sentencing enhancement for clear error. *United States v. Perez-Oliveros*, 479 F.3d 779, 783 (11th Cir. 2007). Section 2G3.1(b)(1)(E) of the Sentencing Guidelines provides for a seven-level enhancement if the offense involved "[d]istribution to a minor that was intended to persuade, induce, entice, coerce, or facilitate the travel of, the minor to engage in prohibited sexual conduct . . . ." U.S.S.G. § 2G3.1(b)(1)(E).

The record evidence supports a finding that Norrell's communications—both the statements he made and the images he

transmitted—were intended to entice "katielil92" to engage in prohibited sexual conduct. For example, Norrell proposed meeting "katielil92," suggested how she might deceive her mother to keep their meeting a secret, and explained what he would do to and with "katielil92" if they were to meet. Accordingly, the district court did not clearly err in determining that Norrell qualified for the seven-level enhancement.

III.

We review the reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586 (2007). The party challenging the sentence has the burden of establishing that it was unreasonable. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005) (per curiam). Our reasonableness review involves a two-step process: first, we evaluate the sentence for procedural error; and second, we evaluate the sentence's substantive reasonableness. *Gall*, 552 U.S. at 51.

In our procedural analysis, we consider whether the district court correctly calculated the defendant's Guidelines range, treated the Guidelines as advisory, considered the factors listed in 18 U.S.C. § 3553(a), chose a sentence based on facts that were not clearly erroneous, and explained the sentence adequately, including any deviation from the Guidelines range. *Id.* To determine substantive

reasonableness, we consider whether the district court acted within its discretion in determining the § 3553(a) factors supported the chosen sentence and then justified any substantial deviation from the applicable Guidelines range. *Id.* at 56. "'The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court,' and 'we will not substitute our judgment in weighing the relevant factors.'" *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007) (quoting *United States v. Williams*, 456 F.3d 1353, 1363 (11th Cir. 2006) (citations omitted)) (alterations omitted).

Norrell's 42-month sentence is reasonable. The sentence is procedurally reasonable because the district court appropriately considered the Guidelines and the § 3553(a) factors, and thoroughly explained the reasons for imposing the sentence it did. And the sentence was substantively reasonable because the district court acted within its discretion in applying the § 3553(a) factors to this case.

**AFFIRMED.**