# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

January 31, 2014

Lyle W. Cayce
Clerk

No. 13-10058
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WILLIAM ALLEN MCCUIN, also known as William McCuin,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CR-153-1

Before DAVIS, SOUTHWICK and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

William Allen McCuin pleaded guilty to possessing a firearm as a felon. The district court held a lengthy sentencing hearing involving the testimony of several witnesses regarding allegations that McCuin employed a 16-year-old girl as a prostitute and, while on pretrial release, approached the girl and took her to another city. The district court denied McCuin an offense-level reduction for acceptance of responsibility, finding that he had violated a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

condition of his pretrial release that he not contact any victim or witness in the investigation or prosecution.  It imposed a 92-month prison sentence, which was twice the high end of the advisory guidelines range.  McCuin now challenges that sentence.

According to McCuin, the district court improperly denied him a reduction in his offense level for acceptance of responsibility.  He contends that the only evidence that he violated the terms of his pretrial release was the report of the 16-year-old girl, who, he asserts, was unreliable.  As evidence of her unreliability, McCuin points to several discrepancies in the girl's account of her relationship with him.

Although a defendant who pleads guilty prior to trial and truthfully admits relevant conduct may qualify for an offense-level reduction for acceptance of responsibility, "this evidence may be outweighed by conduct of the defendant that is inconsistent with acceptance of responsibility."  U.S.S.G. § 3E1.1, comment. (n.3).  We have upheld the denial of reductions for acceptance of responsibility where defendants have violated the conditions of their pretrial release.  *See, e.g.*, *United States v. Hooten*, 942 F.2d 878, 882-83 (5th Cir. 1991).  Because the sentencing court is in a unique position to evaluate a defendant's acceptance of responsibility, we will affirm the denial of this offense-level reduction unless it is "without foundation."  *United States v. Rudzavice*, 586 F.3d 310, 315 (5th Cir. 2009).

The district court heard extensive testimony about the girl's allegations, which were also described in the presentence report (PSR) and the addendums. The court made detailed credibility findings, determining, for instance, that the girl was generally credible and that McCuin was not.  The court considered, but was not swayed by, the minor inconsistencies in the girl's account, determining that none called into question the veracity of the core of her

testimony.  McCuin has not shown that the PSR's findings lacked sufficient indicia of reliability especially given that they were based on statements of a witness the court found credible.  *See United States v. Zuniga*, 720 F.3d 587, 591 (5th Cir. 2013).  Moreover, the handful of minor inconsistencies in the girl's story do not establish that the PSR's findings or any of the evidence that the court relied on was materially untrue, inaccurate, or unreliable such that the court's decision to deny the adjustment for acceptance of responsibility was without foundation.  *See id.*; *Rudzavice*, 586 F.3d at 315.

Finally, McCuin challenges the above-guidelines sentence on the grounds that it was based on facts not found by a jury and thus violates the Sixth Amendment.  As he acknowledges, however, we have rejected this argument, and he raises it only to preserve it for future review.  *See United States v. Hernandez*, 633 F.3d 370, 374 & n.7 (5th Cir. 2011) (holding that a sentence within the statutory maximum that is based upon judge-found facts does not violate the Sixth Amendment).

The district court's judgment is AFFIRMED.