# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10133
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 18, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JASON ANTHONY CASTILLO,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:13-CR-27-2

Before BENAVIDES, SOUTHWICK, and COSTA, Circuit Judges.

PER CURIAM:[*]

Jason Anthony Castillo pleaded guilty pursuant to a written plea agreement to distribution and possession with intent to distribute methamphetamine. He was sentenced to 130 months of imprisonment and four years of supervised release. The sole issue on appeal is whether the district court erred in denying Castillo an adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1. Castillo challenges the district court's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

refusal to award him credit for acceptance of responsibility on the ground that he continued to use marijuana while on pretrial release, arguing that his use of drugs while on pretrial release was the result of an addiction and not indicative of a lack of acceptance of responsibility.

We review the denial of a reduction for acceptance of responsibility "under a standard of review even more deferential than a pure clearly erroneous standard," and will affirm unless the denial is "without foundation." *United States v. Rudzavice*, 586 F.3d 310, 315 (5th Cir. 2009). Although a defendant who pleads guilty prior to trial and truthfully admits relevant conduct may qualify for the reduction, "this evidence may be outweighed by conduct of the defendant that is inconsistent with acceptance of responsibility." § 3E1.1, comment. (n.3). We have consistently upheld the denial of reductions for acceptance of responsibility where, as is the case here, defendants have violated the conditions of their pretrial release. *See United States v. Rickett*, 89 F.3d 224, 227 (5th Cir. 1996); *United States v. Flucas*, 99 F.3d 177, 180 (5th Cir. 1996); *United States v. Hooten*, 942 F.2d 878, 883 (5th Cir. 1991); *United States v. Watkins*, 911 F.2d 983, 985 (5th Cir. 1990). In *Flucas*, we specifically rejected the argument that the district court had ruled improperly because the defendant's drug use "did not show a lack of contrition but, instead, was a result of his drug addiction." 99 F.3d at 180.

Castillo has not denied that he used marijuana in violation of the express terms of the conditions of his pretrial release. Based on the undisputed evidence, the district court's determination that Castillo was not entitled to a reduction for acceptance of responsibility pursuant to § 3E1.1 was not without foundation. *Rudzavice*, 586 F.3d at 315.

AFFIRMED.