# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-40012
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 14, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JULIO ANTONIO GOMEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:12-CR-888-6

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Julio Antonio Gomez was convicted of one count of conspiring to transport aliens. The district court imposed a below-guidelines sentence of 30 months in prison and a three-year term of supervised release. In this appeal, Gomez first challenges his conviction by arguing that the district court erred by denying his motion for a judgment of acquittal and that the evidence is insufficient to uphold his conviction.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40012

We conduct a de novo review of both of these arguments.  *See United States v. Girod*, 646 F.3d 304, 313 (5th Cir. 2011); *United States v. Frye*, 489 F.3d 201, 207 (5th Cir. 2007).  The pertinent inquiry for both of these claims is whether "'*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"  *United States v. Vargas-Ocampo*, 747 F.3d 299, 301 (5th Cir.) (en banc) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)), *cert. denied*, 135 S. Ct. 170 (2014); *Girod*, 646 F.3d at 313.  When conducting this review we leave questions concerning the weight and credibility of evidence to the jury and will not second-guess its conclusions on these matters.  *See United States v. Jefferson*, 751 F.3d 314, 320-21 (5th Cir. 2014); *Girod*, 646 F.3d at 313.

Application of these standards to the instant case shows that Gomez's challenges to the sufficiency of the evidence and the denial of his motion for judgment of acquittal are unavailing.  When taken as a whole, the testimony offered by all of the trial witnesses shows the existence of a large alien-transporting operation carried out by numerous individuals including Gomez.  These witnesses' testimony suffices to permit a reasonable factfinder to conclude that Gomez took part in the conspiracy by transporting at least two illegal aliens and by taking part in conversations concerning the running of the operation.  *See United States v. Chon*, 713 F.3d 812, 818 (5th Cir.), *cert. denied*, 134 S. Ct. 255 (2013); *see* 8 U.S.C. § 1324(a)(1)(A)(v)(I).

Insofar as Gomez argues that the evidence was insufficient due to violations of the Jencks Act, 18 U.S.C. § 3500(b), he is mistaken.  The disputed items are summaries of interviews and thus do not qualify as Jencks Act material.  *See Palermo v. United States*, 360 U.S. 343, 352 (1959).

Gomez's argument that his right to cross-examination was infringed when he was forbidden from further questioning a witness about a conviction

2

that was being appealed also fails.  The record shows that Gomez was "allowed to expose the jury to facts from which the jury could appropriately draw inferences relating to the reliability of the witness."  *United States v. Heard*, 709 F.3d 413, 432 (5th Cir.), *cert. denied*, 134 S. Ct. 470 (2013) (internal quotation marks and citations omitted).  Gomez has shown no error with respect to his conviction.

Similarly, he has not shown any error in connection with his sentence.  Sentences, whether inside or outside the advisory guidelines range, are reviewed for reasonableness in light of the 18 U.S.C. § 3553(a) factors.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  When, as in this case, the district court has imposed a sentence that deviates from the guidelines range, reasonableness review requires that this court evaluate whether the sentence "unreasonably fails to reflect the statutory sentencing factors" set forth in § 3553(a).  *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

To the extent Gomez contends that the district court erred by denying him the adjustment for acceptance of responsibility, he is mistaken.  "This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse."  *United States v. Rudzavice*, 586 F.3d 310, 316 (5th Cir. 2009) (quoting U.S.S.G. § 3E1.1, comment. (n.2)).  This is exactly what happened in the instant case.  Consequently, Gomez has not shown that the district court erred by denying him this adjustment.  *See Rudzavice*, 586 F.3d at 316.

Likewise unavailing are Gomez's arguments that the district court erred by not imposing a greater variance and by failing to give adequate reasons for its choice of sentence.  The record shows that the district court considered Gomez's arguments in favor of a below-guidelines sentence, as well as the

No. 14-40012

Government's position that a guidelines sentence was warranted. However, the district court disagreed with these positions and concluded that, in light of the § 3553(a) factors, the sentence imposed was appropriate. The district court also noted that its choice of sentence reflected its beliefs concerning Gomez's position in the conspiracy relative to others.

When these portions of the record are considered, they evidence the district court's opinion that the facts of the instant offense and Gomez's history and characteristics warranted a 30-month sentence. There is nothing to indicate that the district court's choice of sentence was grounded in disregard for an important factor, a disproportionate weighing of a factor that was not germane, or a clearly erroneous weighing of the sentencing factors. *See Smith*, 440 F.3d at 708. Rather, the record shows that the district court chose the sentence it felt most appropriate in light of the § 3553(a) factors. The fact that Gomez thinks his sentence should have been lower does not mean that it is unreasonable. *Cf. Gall*, 552 U.S. at 51 (holding that a sentence is not unreasonable simply because the appellate court would have chosen a different sentence).

Finally, the record refutes Gomez's assertion that the district court did not give adequate reasons for its choice of sentence. The district court "adequately explain[ed] the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *See id.* at 50. Gomez has shown no error in connection with his sentence.

AFFIRMED.