# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50470
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 14, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DANIEL NICKLESS,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:13-CR-301

Before SMITH, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:*

Daniel Nickless was convicted by a jury of using a facility of interstate commerce to knowingly attempt to persuade, induce, entice, or coerce an individual, under the age of 18, to engage in illegal sexual activity in Texas, in violation of 18 U.S.C. § 2422(b). He was sentenced to, *inter alia*, 120 months' imprisonment. His three issues on appeal fail.

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 14-50470

In challenging the sufficiency of the evidence supporting his conviction, Nickless claims the Government presented no evidence that he enticed or induced the purported juvenile (a Government agent) into engaging in sexual activity. According to Nickless, the Government did the enticing by placing a personal advertisement on Craigslist, encouraging an earlier meeting than Nickless had proposed, and suggesting he bring condoms to the encounter. In addition, regarding one of the elements for a conviction under § 2422(b), Nickless maintains there was no evidence that he could have been convicted of an offense under state (Texas) law.

For, as in this instance, a properly preserved sufficiency-of-the-evidence challenge, the "evidence, whether circumstantial or direct, [is viewed] in the light most favorable to the Government with all reasonable inferences to be made in support of the jury's verdict". *United States v. Moser*, 123 F.3d 813, 819 (5th Cir. 1997) (citation omitted). After reviewing the testimony regarding the emails, photographs, and text messages sent between Nickless and a Government agent portraying himself as a 16-year-old female, a reasonable juror could have found that Nickless attempted to entice an underage person into illegal sexual activity, in violation of § 2422(b). *See, e.g., United States v. Lundy*, 676 F.3d 444, 449–50 (5th Cir. 2012); *United States v. Farner*, 251 F.3d 510, 512–13 (5th Cir. 2001).

Nickless next claims the district court erred by failing to instruct the jury on the lesser-included offense of transferring obscene material to a minor, 18 U.S.C. § 1470. Because Nickless never requested such an instruction in district court, his claim is reviewed only for plain error. *E.g., United States v. Hernandez-Martinez*, 485 F.3d 270, 272–73 (5th Cir. 2007); *United States v. Mays*, 466 F.3d 335, 342 (5th Cir. 2006) (citation omitted). Under that standard, he must show a forfeited plain (clear or obvious) error that affected

No. 14-50470

his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, we have the discretion to correct the error, but should do so only if it seriously affects the fairness, integrity, or public reputation of the proceedings. *Id.*

A conviction under § 1470 requires proof of elements that are not required for a conviction under § 2422(b). *Compare United States v. Rounds*, 749 F.3d 326, 333 (5th Cir. 2014) (§ 2422(b) elements) *with United States v. Rudzavice*, 586 F.3d 310, 313 (5th Cir. 2009) (§ 1470 elements). Nickless fails to show clear or obvious error arising from the district court's not instructing the jury as to this statute. *E.g., United States v. Avants*, 367 F.3d 433, 450 (5th Cir. 2004).

Last, Nickless contends the court abused its discretion in denying his motion to set aside the jury verdict and for a new trial in the light of some jurors allegedly having been confused about their ability to persist in a not-guilty vote. Along that line, Nickless claims the district court erred in not allowing one of the allegedly confused jurors to testify in support of the motion. A juror may not testify or present affidavit evidence of events occurring during deliberations or the juror's mental processes, although a juror may testify about the introduction of extraneous prejudicial information or about an outside influence that was improperly brought to bear on a juror. Fed. R. Evid. 606(b)(1), (2)(A)–(B). Confusion over the jury instructions does not constitute such an external influence. *United States v. Jones*, 132 F.3d 232, 245–46 (5th Cir. 1998) (citation omitted). Nickless has, therefore, not established that the district court abused its discretion in denying his post-verdict motion.

AFFIRMED.