# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-11491
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 16, 2018

Lyle W. Cayce
Clerk

JAMES L. RUDZAVICE,

Petitioner-Appellant

v.

E.M. MEJIA, Warden,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:14-CV-809

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

James L. Rudzavice, federal prisoner # 36844-177, is imprisoned for receiving child pornography and attempting to transfer obscene material to a minor. *United States v. Rudzavice*, 586 F.3d 310, 312 (5th Cir. 2009). He has previously filed an unsuccessful 28 U.S.C. § 2255 motion, and in 2014 he attempted to challenge his convictions with a 28 U.S.C. § 2241 petition. The district court dismissed the petition as not properly brought under § 2241, and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

we affirmed that dismissal. *Rudzavice v. Mejia*, No. 14-11143 (5th Cir. Feb. 19, 2016) (unpublished).

Relevant to the instant appeal, Rudzavice filed a motion styled "Motion for Relief of Judgement / Transfer of Venue" (Motion for Relief) which the district court promptly denied. Rudzavice filed a petition for a writ of mandamus that we construed as a notice of appeal from the denial of the Motion for Relief. *In re Rudzavice*, No. 17-11006 (5th Cir. Dec. 15, 2017) (unpublished).

The Motion for Relief was an attempt to use § 2241 to challenge the convictions that this court affirmed in 2009. Under a liberal construction, it could have been deemed a motion under Federal Rule of Civil Procedure 60(b) that raised a new theory of relief, in which case it was, in effect, a successive and unauthorized § 2255 motion. *See United States v. Hernandes*, 708 F.3d 680, 681 (5th Cir. 2013) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)). Otherwise, the Motion for Relief was unauthorized by any statute and lacked any jurisdictional basis. *See United States v. Early*, 27 F.3d 140, 141–42 (5th Cir. 1994) (per curiam). Even if construed as a proper Rule 60(b) motion, we have previously rejected Rudzavice's arguments. Thus, the Motion for Relief and this appeal from its denial both lack arguable merit. Accordingly, the appeal is DISMISSED AS FRIVOLOUS. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.

Rudzavice is WARNED that additional frivolous filings in this court or the district court will result in monetary sanctions and limits on his access to this court and any court subject to this court's jurisdiction.