# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-50867
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 11, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ADRIAN PINEDA-OROZCO,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:16-CR-47-3

Before BARKSDALE, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Adrian Pineda-Orozco was convicted by a jury of both conspiracy to possess, with intent to distribute, and conspiracy to import, 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 963, and was sentenced below the Sentencing Guidelines advisory range to concurrent 600-month terms of imprisonment. He contests his convictions and sentence, claiming error for the jury instruction on the affirmative defense of duress for the former

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

and for rulings on three offense-level adjustments for the latter.  (Pineda also asserts "[t]he evidence was insufficient to sustain his conviction" in the summary-of-the-argument section of his brief.  This claim was not briefed beyond this single mention; therefore, it is waived.  *E.g., United States v. Thames*, 214 F.3d 608, 611 n.3 (5th Cir. 2000).)

Regarding the challenge on appeal to his convictions, Pineda testified at trial.  He contends the related jury instruction on the affirmative defense of duress was erroneous because it did not expressly encompass purported threats to his family members.  *See United States v. Willis*, 38 F.3d 170, 179 (5th Cir. 1994).  Because Pineda did not raise this issue in district court, review is only for plain error. *E.g., United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012).  Under that standard, Pineda must show a forfeited plain (clear or obvious) error that affected his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he does so, we have the discretion to correct the reversible plain error, but should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings".  *Id.*

Without deciding whether the phrasing of the instruction was clear or obvious error, we conclude Pineda has not shown an effect on his substantial rights:  in the light of the jury's rejection of his testimony that he was personally threatened, he has not shown a reasonable probability a broader instruction encompassing the similar-claimed threats against his family would have resulted in a different verdict.  *See id.* at 135; *United States v. McClatchy*, 249 F.3d 348, 357 (5th Cir. 2001).

As for his sentences, Pineda's challenges to the calculation of his offense level fail under the standards of review applicable to each of the three offense-level adjustments at issue.  Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as

improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 48–51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo;* its factual findings, only for clear error. *E.g., United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

An offense-level reduction for acceptance of responsibility, pursuant to Guideline § 3E1.1(a) was denied because of Pineda's reckless flight from arrest and his trial testimony denying knowledge that methamphetamine was being transported. That denial was not without foundation. *See United States v. Rudzavice*, 586 F.3d 310, 315 (5th Cir. 2009).

The application of the two-level Guideline § 3B1.1(c) offense-level adjustment (leader or organizer of criminal activity enhancement) was plausible in the light of Pineda's supervision of the driver before, and during, the smuggling trips. *See, e.g., United States v. Cooper*, 274 F.3d 230, 247 (5th Cir. 2001).

And, the application of the two-level Guideline § 3C1.2 offense-level adjustment (reckless endangerment) was plausible in the light of testimony that Pineda narrowly avoided hitting law-enforcement officers while fleeing during a high-speed chase. *See United States v. Gillyard*, 261 F.3d 506, 510 (5th Cir. 2001).

AFFIRMED.