# United States Court of Appeals
# for the Fifth Circuit

———————

No. 22-10752
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
January 12, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

James L. Rudzavice,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:07-CR-138-1

———————————————————

Before Stewart, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:*

James L. Rudzavice, federal prisoner # 36844-177, was convicted of receiving child pornography and attempting to transfer obscene material to a minor, and he was sentenced to consecutive prison terms totaling 360 months. *United States v. Rudzavice*, 586 F.3d 310, 312-13 (5th Cir. 2009). Proceeding pro se, Rudzavice appeals the district court's denial of his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). We

———————————————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

review the district court's decision to deny a § 3582(c)(1)(A)(i) motion for abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

Rudzavice asserts that the district court improperly relied on the policy statement of U.S.S.G. § 1B1.13 in denying his motion. As he suggests, the policy statement at § 1B1.13 only applies to motions filed by the Bureau of Prisons. *See United States v. Shkambi*, 993 F.3d 388, 392 (5th Cir. 2021). Accordingly, we have concluded that district courts addressing § 3582 motions filed by prisoners are not bound by that policy statement nor its commentary but rather are "bound only by § 3582(c)(1)(A)(i) and . . . the sentencing factors in [18 U.S.C.] § 3553(a)." *Id.* at 393.

Nevertheless, "we have regularly affirmed the denial of a compassionate-release motion—even in cases with a *Shkambi* problem—where the district court's weighing of the Section 3553(a) factors can independently support its judgment." *United States v. Jackson*, 27 F.4th 1088, 1093 n.8 (5th Cir. 2022). In this case, the district court expressly determined that the § 3553(a) factors weighed against a sentence reduction. Although Rudzavice "may disagree with how the district court balanced the § 3553(a) factors, that is not a sufficient ground for reversal." *Chambliss*, 948 F.3d at 694. As for Rudzavice's assertion that the district court judge was biased against him, we will not consider arguments raised for the first time on appeal. *See Bower v. Quarterman*, 497 F.3d 459, 475 (5th Cir. 2007).

Because the district court did not abuse its discretion, the district court's judgment is AFFIRMED.